### AS AND FOR A FOURTH CAUSE OF ACTION:
### VIOLATION OF NEW YORK STATE ANTITRUST LAWS
### AGAINST ALL DEFENDANTS

178.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

179.    At all times relevant hereto, Plaintiffs and Defendants ESI, Joseph Parisi, and David Parisi were engaged in interstate commerce by and through the biofuel industry and rendering to the biofuel industry, at least insofar as these parties crossed state lines in rendering to the biofuel industry from time to time.

180.    However, at all times relevant hereto, Plaintiffs and Defendants ESI, Joseph Parisi and David Parisi were primarily engaged in the biofuel industry and rendering to the biofuel industry in and for the distinct area and market known as Long Island, New York, and were, at all times relevant hereto, in direct competition with each other, a fact known to all parties hereto.

181.    By and through the within and other acts and omissions, particularly those involving the violations of Plaintiffs' Constitutional rights set forth, *supra,* Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

182.    By and through the within and other acts and omissions, particularly those involving the violations of 18 U.S.C. section 1961, *et seq.,* commonly known as the RICO Act, as set forth, *supra,* Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

183.    By and through the within and other acts and omissions, particularly those involving the violations of 42 U.S.C. section 1983, as set forth, *supra,* Defendants acted

34

in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

184.    By and through the above and other acts and omissions, Defendants ESI, Joseph Parisi and David Parisi intended to harm Plaintiffs and push them from the biofuel and biofuel rendering markets on and in Long Island, New York.

185.    By and through the above and other acts and omissions, Defendants violated New York State unfair competition laws, New York General Business Laws Chapter 340, *et seq*.

186.    By and through the above and other acts and omissions, Defendants violated New York State restraint of trade laws, New York General Business Laws Chapter 340, *et seq*.

        WHEREFORE, as a direct and proximate result of the Defendants' violations of New York General Business Laws Chapter 340, *et seq.*, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under the New York General Business laws, Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than treble actual damages or one hundred million ($100,000,000.00) dollars, whichever is greater, plus an award of all attorney fees and such other and further relief as may be necessary and just.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## VIOLATION OF NEW YORK STATE CONSUMER PROTECTION LAWS
## AGAINST ALL DEFENDANTS

187.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

188.     By and through the within and other acts and omissions, particularly those involving the violations of Plaintiffs' Constitutional rights set forth, *supra*, Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

189.     By and through the within and other acts and omissions, particularly those involving the violations of 18 U.S.C. section 1961, *et seq.*, commonly known as the RICO Act, as set forth, *supra*, Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

190.     By and through the within and other acts and omissions, particularly those involving the violations of 42 U.S.C. section 1983, as set forth, *supra*, Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

191.     By and through the above and other acts and omissions, Defendants ESI, Joseph Parisi and David Parisi intended to harm Plaintiffs and push them from the biofuel and biofuel rendering markets on and in Long Island, New York.

192.     The within and other acts and omissions by Defendants constitute deceptive acts and practices specifically prohibited by the New York State Consumer Protection Act, General Business Laws Chapter 349, *et seq.*

        WHEREFORE, as a direct and proximate result of the Defendants' violations of the New York State Consumer Protection Act, General Business Laws Chapter 349, *et seq.*, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages,

pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under the New York General Business laws, Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than treble actual damages or one hundred million ($100,000,000.00) dollars, whichever is greater, plus an award of all attorney fees and such other and further relief as may be necessary and just.

### AS AND FOR A SIXTH CAUSE OF ACTION: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

193.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

194.    By and through the within and other acts and omissions, particularly those involving the violations of Plaintiffs' Constitutional rights set forth, *supra,* Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel, biofeed, and biofuel rendering in and for Long Island, New York.

195.    By and through the within and other acts and omissions, particularly those involving the violations of 18 U.S.C. section 1961, *et seq.,* commonly known as the RICO Act, as set forth, *supra,* Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

196.    By and through the within and other acts and omissions, particularly those involving the violations of 42 U.S.C. section 1983, as set forth, *supra,* Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

197.   By and through the above and other acts and omissions, Defendants ESI, Joseph Parisi and David Parisi intended to harm Plaintiffs and push them from the biofuel and biofuel rendering markets on and in Long Island, New York.

198.   The within and other acts and omissions by Defendants constitute knowing, intentional, reckless, and/or negligent infliction of emotional distress upon Plaintiffs, and did, in fact, result in the infliction of emotional distress and great anguish upon Plaintiffs in violation of common law.

WHEREFORE, as a direct and proximate result of the Defendants' intentional and/or negligent infliction of emotional distress upon Plaintiffs, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under the New York General Business laws, Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than treble actual damages or one hundred million ($100,000,000.00) dollars, whichever is greater, plus an award of all attorney fees and such other and further relief as may be necessary and just.

## AS AND FOR A SEVENTH CAUSE OF ACTION: INTERFERNCE WITH ADVANTAGEOUS/BUSINESS/CONTRACTUAL RELATIONS AGAINST ALL DEFENDANTS

199.   Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

200.   By and through the within and other acts and omissions, particularly those involving the violations of Plaintiffs' Constitutional rights set forth, *supra,* Defendants

acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

201.    By and through the within and other acts and omissions, particularly those involving the violations of 18 U.S.C. section 1961, *et seq.*, commonly known as the RICO Act, as set forth, *supra*, Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

202.    By and through the within and other acts and omissions, particularly those involving the violations of 42 U.S.C. section 1983, as set forth, *supra*, Defendants acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

203.    By and through the above and other acts and omissions, Defendants ESI, Joseph Parisi and David Parisi intended to harm Plaintiffs and push them from the biofuel, biofeed and biofuel rendering markets on and in Long Island, New York.

204.    The within and other acts and omissions by Defendants constitute knowing, intentional, reckless, and/or negligent interference with Plaintiffs' advantageous, business and/or contractual relations, and did, in fact, have the intended and prohibited result of forcing Plaintiffs from the Long Island biofuel, biofeed and biofuel rendering market in violation of common law.

WHEREFORE, as a direct and proximate result of the Defendants' intentional and/or negligent interference with Plaintiffs' advantageous, business and/or contractual relations, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory

damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under the New York General Business laws, Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than treble actual damages or one hundred million ($100,000,000.00) dollars, whichever is greater, plus an award of all attorney fees and such other and further relief as may be necessary and just.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:
### CONVERSION AND THEFT BY AND
### AGAINST DEFENDANTS ESI, STEFANELLI, JOSEPH AND DAVID PARISI

205.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

206.    At all times relevant hereto, Defendants conspired to steal and convert for their own and/or ESI's use Plaintiffs' waste vegetable oil storage containers, waste vegetable oil contained therein, the locks utilized by Plaintiffs on such containers, and the customers utilizing those containers under contract with Plaintiffs' business.

207.    The within and other thefts and conversions were made in conspiracy by Defendants for the purposes of forcing Plaintiffs from the Long Island biofuel and biofuel rendering market, and for benefitting ESI, Joseph Parisi, David Parisi, and Philip Stefanelli.

208.    In fact, in conjunction with the other and within violations of law as set forth, *supra,* Defendants did force Plaintiffs from the Long Island biofuel and biofuel rendering market, and did benefit ESI, Joseph Parisi, David Parisi, and Philip Stefanelli.

209.    The within and other acts of theft and conversion are specifically prohibited under common law and 18 U.S.C. section 1961, *et seq.*

40

WHEREFORE, as a direct and proximate result of Defendants ESI's, Joseph

Parisi's, David Parisi's and Philip Stefanelli's thefts and conversions set forth above,

Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past

and future earnings, emotional distress and great anguish, compensatory damages,

pecuniary damages, and other losses set forth herein and in an amount to be determined at

trial, but not less than eighty thousand ($80,000.00) dollars.  In addition, Plaintiffs seek

punitive damages in an amount to be determined at trial, but not less than one million

($1,000,000.00) dollars, plus an award of all attorney fees and such other and further

relief as may be necessary and just.

### AS AND FOR A NINTH CAUSE OF ACTION: ###
### FRAUD AND EXTORTION ###
### AGAINST ALL DEFENDANTS ###

210.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

211.    By and through the within and other acts and omissions, particularly those

involving the violations of Plaintiffs' Constitutional rights set forth, *supra,* Defendants

acted in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take

over the market for biofuel and biofuel rendering in and for Long Island, New York.

212.    By and through the within and other acts and omissions, particularly those

involving the violations of 18 U.S.C. section 1961, *et seq.,* commonly known as the

RICO Act, as set forth, *supra,* Defendants acted in conspiracy to allow ESI and

Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel

rendering in and for Long Island, New York.

213.    By and through the within and other acts and omissions, particularly those

involving the violations of 42 U.S.C. section 1983, as set forth, *supra,* Defendants acted

41

in conspiracy to allow ESI and Defendants Joseph Parisi and David Parisi to take over the market for biofuel and biofuel rendering in and for Long Island, New York.

214.     By and through the above and other acts and omissions, Defendants ESI, Joseph Parisi and David Parisi intended to harm Plaintiffs and push them from the biofuel and biofuel rendering markets on and in Long Island, New York.

215.     The within and other acts and omissions by Defendants were committed to also further their own money laundering scheme whereby the Defendants were laundering cash to avoid tax liabilities in connection with and in furtherance of their attempts to assist ESI and the Parisi Defendants in cornering the biofuel and biofuel rendering markets on Long Island, New York.

216.     The within and other acts and omissions by Defendants constitute fraud and extortion upon Plaintiffs, and served to force Plaintiffs from the biofuel and biofuel rendering markets on Long Island, and caused the loss of Plaintiffs' businesses, property, and other interests as set forth *supra,* in knowing violation of 18 U.S.C. section 1961, *et seq.,* and common law.

WHEREFORE, as a direct and proximate result of the Defendants' fraud and extortion committed upon Plaintiffs, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under 18 U.S.C. section 1961, *et seq.,* Plaintiffs seek punitive damages in an amount to be determined at

trial, but not less than one hundred million ($100,000,000.00) dollars, plus an award of all attorney fees and such other and further relief as may be necessary and just.

**AS AND FOR A TENTH CAUSE OF ACTION:**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**AGAINST DEFENDANTS SCPD AND ECPD**

217.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

218.    At all times relevant hereto, Defendants SCPD and ECPD have a duty to the public generally and to the Plaintiffs specifically to hire, train, and supervise their police officers.

219.    At all times relevant hereto, Defendants SCPD and ECPD have a duty to the public generally and to the Plaintiffs specifically to hire, train, and supervise their police officers in a non-negligent manner.

220.    At all times relevant hereto, Defendants SCPD and ECPD have a duty to the public generally and to the Plaintiffs specifically to hire, train, and supervise their police officers without negligence.

221.    At all times relevant hereto, Defendants SCPD and ECPD have a duty to the public generally and to the Plaintiffs specifically to hire, train, and supervise their police officers in a professional manner.

222.    By the within and other acts and omissions committed by Defendant Stefanelli, SCPDIAD, and various other John Doe police officers belonging to both SCPD and ECPD, including but not limited to the violations of law detailed, *supra,* and the failure to act on complaints made to SCPD and SCPDIAD by or for Plaintiffs, Defendants SCPD and ECPD and supervisory, training and hiring officers/John Doe officers of both

Departments have failed and continue to fail to meet their duties of care to the public generally and to the Plaintiffs specifically.

223.    By the within and other acts and omissions committed by Defendant Stefanelli, SCPDIAD, and various other John Doe police officers belonging to both SCPD and ECPD, including but not limited to the violations of Plaintiffs' Constitutional rights absent due process and absent probable cause, as detailed, *supra*, and in particular the deprivation of civil and property rights absent due process and absent probable cause, Defendants SCPD and ECPD and supervisory, training and hiring officers/John Doe officers of both Departments have failed and continue to fail to meet their duties of care to the public generally and to the Plaintiffs specifically.

224.    By the within and other acts and omissions, Defendants SCPD, ECPD, and various supervisory, hiring, and training officers of both Departments referenced in the instant action as the John Doe officers have negligently hired, supervised, and trained the officers who committed the within transgressions from their Departments.

225.    The full facts and evidence in support of the within cause of action are peculiarly known to Defendants SCPD and ECPD.

WHEREFORE, as a direct and proximate result of the Defendants' negligent hiring, training and supervision of the Defendant officers including Defendant Stefanelli and the John Doe officers, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under 18 U.S.C. section 1961, *et seq.*,

44

Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than one hundred million ($100,000,000.00) dollars, plus an award of all attorney fees and such other and further relief as may be necessary and just.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION:**
**LIBEL AND SLANDER**
**AGAINST ALL DEFENDANTS EXCEPT ECPD**

226.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

227.    Upon information and belief, Defendant Stefanelli, on behalf of Defendants ESI, Joseph Parisi, and David Parisi, has informed the SCPD by and through one or more verbal and written, false representations that Plaintiffs by and through one or both of their businesses are responsible for stealing waste vegetable oil from Defendant ESI.

228.    At no time in connection herewith has Defendant Stefanelli ever possessed first hand information sufficient to make such accusations.

229.    In fact, Plaintiffs have not ever stolen waste vegetable oil from ESI or any other renderer.

230.    Such accusations were made by Stefanelli with the full knowledge and to the benefit of Defendants ESI, Joseph Parisi, and David Parisi.

231.    Such accusations were made with the intention of and did, in fact result in harming Plaintiffs and for gaining certain advantages for the Defendants ESI, Joseph Parisi and David Parisi with and through the SCPD.

232.    Such accusations were made with the intention of and did, in fact, result in making unknown John Doe police officers ignore and otherwise fail to act upon complaints made by and for Plaintiffs to SCPD about the misconduct set forth, *supra*, committed by Defendants.

233.    Such accusation constitute libel, libel *per se,* slander, and slander *per se* under common law.

WHEREFORE, as a direct and proximate result of the Defendants' libel and slander set forth, above, Plaintiffs have suffered and continue to suffer harm and damages, economic loss, past and future earnings, emotional distress and great anguish, compensatory damages, pecuniary damages, and other losses set forth herein and in an amount to be determined at trial, but not less than twenty million ($20,000.000.00) dollars.  In addition, pursuant to the rights granted under various Federal statutes set forth herein, Plaintiffs seek punitive damages in an amount to be determined at trial, but not less than one hundred million ($100,000,000.00) dollars, plus an award of all attorney fees and such other and further relief as may be necessary and just.

### AS AND FOR A TWELFTH CAUSE OF ACTION: ATTORNEY FEES PURSUANT TO THE CIVIL RIGHTS ATTORNEY FEES AWARDS ACT OF 1976 AGAINST ALL DEFENDANTS

234.    Plaintiffs restate each of the preceding paragraphs as if specifically rewritten here.

235.    Plaintiffs hereby request attorney fees by all Federal Statutes set forth herein, and specifically upon the Civil Rights Attorney Fees Awards Act of 1976 as against all Defendants.

236.    Defendants also demand statutory costs as against all Defendants, plus such other and further relief as this Court may deem necessary and just.


PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Dated at:
Massapequa, NY this 17th
day of October, 2012

Yours, etc.,

Plaintiffs, by counsel,

Harry R. Thomasson, Esq.
3280 Sunrise Highway
Suite 112
Wantagh, New York  11793
Tel. 516-557-5459
Fax. 516-795-2203

Defendants' Addresses:

Philip Stefanelli
8 Annandale Road
Holbrook, NY  11741

Joseph Parisi
c/o Environmental Services, Inc.
40 Zorn Boulevard
Yaphank, NY  11980

David Parisi
c/o Environmental Services, Inc.
40 Zorn Boulevard
Yaphank, NY  11980

Environmental Services, Inc.
40 Zorn Boulevard
Yaphank, NY  11980

Suffolk County Police Department
c/o 7th Precinct
1491 William Floyd Parkway
Shirley, NY  11967

County of Suffolk, New York
c/o County Executive Steven Bellone
100 Veterans Memorial Highway
Hauppauge, NY  11788

State of New York
Office of the NY State Attorney General
300 Motor Parkway, Ste. 230
Hauppauge, NY  11788

New York State Department of
Environmental Conservation Police Dept.
c/o SUNY @ Stony Brook
50 Circle Road
Stony Brook, NY  11790

New York State Department
of Environmental Conservation
625 Broadway
Albany, NY  12233

## VERIFICATION

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF NASSAU  )


       **JAMES V. NAPLES,** being duly sworn, deposes and says:


       I have read the foregoing Verified Amended Complaint, and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

       The grounds of my belief as to all matters not stated upon my own knowledge is information, documents, and/or other evidence provided to me or contained in this case's files.


                                                       JAMES V. NAPLES

Sworn to before me this 17th
day of October, 2012.


_____
Notary Public

HARRY ROGER THOMASSON
Notary Public, State Of New York
No. 02TH6068549
Qualified In Nassau County
Commission Expires January 7, 2014

**VERIFICATION**

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF NASSAU  )


**JAMES C. NAPLES,** being duly sworn, deposes and says:

I have read the foregoing Verified Amended Complaint, and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge is information, documents, and/or other evidence provided to me or contained in this case's files.

_____
JAMES C. NAPLES

Sworn to before me this 17th
day of October, 2012.

_____
Notary Public

HARRY ROGER THOMASSON
Notary Public, State Of New York
No. 02TH6068549
Qualified In Nassau County
Commission Expires January 7, 2014