**EXHIBIT A**



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Nassau: (516) 485-8282
Suffolk: (631) 395-9888
Fax: (631) 395-9893

**Delivered by Mail and Facsimile**

_____6·17_____, 2011

To Whom it May Concern, (Island Bo fuel)

On __6/7/11__ the owner/management of __Tutto IL Giorno__ _____ located at __56 Nugent St.__ in __Southampton__, NY, has employed Environmental Services Inc, hereafter referred to as ESI, to remove abandoned waste cooking oil container(s) at the above referenced site. The owner/management of this establishment has indicated that written notification was sent to your company for the removal of these abandoned container(s).

ESI now under the direction of the owner/management removed the abandoned container(s). If your company would like to claim the abandoned equipment please notify us within 5 days of this notification, by calling (631)395-9888. In the event ESI is not notified of your claim the container(s) will be properly disposed of. Handling and storage fees may be applicable.

Thank you for your cooperation!

Management



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Suffolk: (631) 395-9888
Fax: (631) 395-9893

August 18, 2011

Certified Mail # 70080150000272299732

JNS Fuel Corp./Island Bio Fuels
10 Wilcox Ave
Suite 3
Center Moriches, NY 11934

Re: Fire House Deli
    204 Blue Point Ave
    Blue Point, NY 11715

To Whom It May Concern,

Please be advised that the above referenced restaurant management has authorized the removal of your waste cooking oil container. A provision in our contractual obligation strictly prohibits a secondary vendor on their premises.

If you wish to reclaim your equipment, please contact the undersigned.

Sincerely,

David Parisi
Director of Operations



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Tel: (631) 395-9888
Fax: (631) 395-9893

**Delivered by Mail and Facsimile**

_9/22_, 2011

To Whom it May Concern, (Island Bio Fuel)

On _9/13/11_ the owner/management of _Huntington Social_ located at _330 New York Ave_ in _Huntington_, NY, has employed Environmental Services Inc, hereafter referred to as ESI, to remove abandoned waste cooking oil container(s) at the above referenced site. The owner/management of this establishment has indicated that written notification was sent to your company for the removal of these abandoned container(s).

ESI now under the direction of the owner/management removed the abandoned container(s). If your company would like to claim the abandoned equipment please notify us within 5 days of this notification, by calling (631)395-9888. In the event ESI is not notified of your claim the container(s) will be properly disposed of. Handling and storage fees may be applicable.

Thank you for your cooperation!
Management



Environmental Services, Inc.
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Suffolk: (631) 395-9888
Fax: (631) 395-9893

November 4, 2011

Certified Mail # 70101870000227367454

JNS Fuel Corp./Island Bio Fuels
10 Wilcox Ave
Suite 3
Center Moriches, NY 11934

Re:  Gio's Pizzeria
     512 Route 25
     Coram, NY 11727

To Whom It May Concern,

Please be advised that the above referenced restaurant management has authorized the removal of your waste cooking oil container. A provision in our contractual obligation strictly prohibits a secondary vendor on their premises.

If you wish to reclaim your equipment, please contact the undersigned.

Sincerely,


David Parisi
Director of Operations



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Tel: (631) 395-9888
Fax: (631) 395-9893

Date <u>December 22, 2011</u>

Company Name <u>JNS Fuel Corp./Island Bio</u>

Address <u>10 Wilcox Ave Suite 3</u>

Town <u>Center Moriches</u>

State/Zip <u>NY, 11934</u>

Re: <u>Ming Ting</u>

<u>833 Middle Country Rd</u>

<u>Middle Island, NY 11953</u>

Dear Sir/ Madam,

    Please be advised that the above referenced customer is under written contract with Environmental Services Inc, hereafter referred to as ESI and the customer's contract with ESI prohibits them from allowing any other party to service its kitchen grease account during its term. Your actions constitute intentional interference with contractual relationships of ESI, and are actionable under law. **Demand is hereby made that you cease and desist serving the customer or any other customer who is under contract with ESI.**

    The existence of ESI containers at a potential customer's site is clear indication of an ongoing contractual relationship between the customer and ESI, and if you wish to verify the existence of such a contract, you may contact the undersigned.

ESI reserves all rights and remedies should <u>JNS Fuel Corp./Island Bio</u> not immediately comply with the terms of this letter.

Sincerely,

David Parisi
Director of Operations



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Tele: (631) 395-9888
Fax: (631) 395-9893

March 15, 2012

JNS/Island Bio Fuels
10 Wilcox Ave.
Suite 3
Center Moriches
New York, 11934

Re: Shang Hai Restaurant
2148 Deer Park Ave
Deer Park, NY 11729

Dear Sir/ Madam,

Please be advised that the above referenced customer is under written contract with Environmental Services, Inc., hereafter referred to as ESI and the customer's contract with ESI prohibits them from allowing any other party to service its kitchen grease account during its term. Your actions constitute intentional interference with contractual relationships of ESI, and are actionable under law. Demand is hereby made that you cease and desist serving the customer or any other customer who is under contract with ESI.

The existence of ESI containers at a potential customer's site is clear indication of an ongoing contractual relationship between the customer and ESI, and if you wish to verify the existence of such a contract, you may contact the undersigned.

ESI reserves all rights and remedies should **JNS/Island Bio Fuels** not immediately comply with the terms of this letter.

Respectfully submitted,

Environmental Services, Inc.



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Suffolk: (631) 395-9888
Fax:      (631) 395-9893

March 28, 2012

# FINAL NOTICE

Your containers that were left abandoned at our contracted locations have remained unclaimed for over 30 days. After several attempts, we have no further obligation to store these containers on our property. Your response to this correspondence is required within 48 hours from the date of this notice. If we do not hear from you we will consider the container(s), again, abandoned and they will be relinquished to a 3rd party.

Respectfully submitted,

Environmental Services, Inc. (ESi)



**Environmental Services, Inc.**
*"The Clean-Up Company"*
40 Zorn Blvd. Yaphank, NY 11980

Tele: (631) 395-9888
Fax: (631) 395-9893

April 27, 2012

JNS/Island Bio Fuels
10 Wilcox Ave. Suite 3
Center Moriches
New York, 11934

Re:  Nautilus Café
     46 Woodcleft Ave
     Freeport, NY 11529

Dear Sir/ Madam,

Please be advised that the above referenced customer is under written contract with Environmental Services, Inc., hereafter referred to as ESI and the customer's contract with ESI prohibits them from allowing any other party to service its kitchen grease account during its term. Your actions constitute intentional interference with contractual relationships of ESI, and are actionable under law. Demand is hereby made that you cease and desist serving the customer or any other customer who is under contract with ESI.

The existence of ESI containers at a potential customer's site is clear indication of an ongoing contractual relationship between the customer and ESI, and if you wish to verify the existence of such a contract, you may contact the undersigned.

ESI reserves all rights and remedies should **JNS/Island Bio Fuels** not immediately comply with the terms of this letter.

Respectfully submitted,

Environmental Services, Inc.

# EXHIBIT B



# ISLANDBIOFUEL
www.islandbio.com

September 1, 2011

ESI
David Parisi
40 Zorn Blvd.
Yaphank, N.Y. 11980

We are in receipt of your correspondence dated; August 18, 2011, and hereby respond to the same. Island Biofuel does not encourage anyone to break and existing contract at any time. However, there are times when Island Biofuel is sought for its services by the public; we do not inquire, and have no duty to inquire what contracts, if any, are pre-existing between that customer and any other service provider. If a customer of ESI breaks an existing contract with ESI, ESI should feel free to seek re-dress from that customer, assuming the contract is supported by law.

In the interim, please cease threatening Island Biofuel, its operators and employees. Please also be advised that upon information and belief, ESI has taken property (including but not limited to storage containers) belonging to Island Biofuel and or its affiliates; please cease such illegal activity, and be advised that if and when ESI is caught with the property of Island Biofuel and or its affiliates, ESI will be prosecuted to the full extent of the law. Please also be advised that local police departments have been appraised of the situation; all rights reserved.

Sincerely,

Jim Naples Sr.
President

TEN WILCOX AVENUE - SUITE 3, CENTER MORICHES, NY 11934  631-878-0649  FAX: 631-878-4942

**Harry R. Thomasson, Esq.**

3280 Sunrise Highway, Suite 112

Wantagh, New York  11793

Tel. 516-557-5459

Fax 516-795-2203

hrtatty@verizon.net

September 29, 2011

VIA REGULAR U.S. MAIL &
FACSIMILE TO 631-395-9893

Environmental Services, Inc.
40 Zorn Boulevard
Yaphank, NY  11980

  Re: Island Biofuel

Dear Sirs/Madams:

  Please be advised that I represent Island Biofuel of Center Moriches, New York. My client is in receipt of several letters from your company alleging Island Biofuel is purportedly interfering with ESI business and/or "abandoning" its own equipment. These allegations are nonsensical, and constitute nothing more than a transparent attempt to engage in "the best defense is a good offense" strategy.

  ESI has engaged and continues to engage in a repeated pattern of 1) approaching customers under contract with Island Biofuel; 2) enticing those customers to break existing contracts with Island Biofuel; 3) requesting that those customers sign pre-printed forms from ESI purportedly breaking existing contracts; 4) forwarding those forms to Island Biofuel; 5) stealing oil from Island Biofuel containers; 6) stealing containers from Island Biofuel; 7) removing Island Biofuel containers from customer properties without any authorization; and 8) attempting to "cover its own tracks" by forwarding preprinted form letters accusing Island Biofuel of wrongdoing.

  Do not touch Island Biofuel property again. Do not interfere with Island Biofuel contracts again. It is my intention to present an Order to Show Cause against Environmental Services, Inc., on behalf of Island Biofuel at the Suffolk County Supreme Court in Riverhead, New York, on Friday, September 30, 2011, regarding the within. You are hereby notified of same and invited to attend. I remain,

            Very truly yours,

            Harry R. Thomasson

Cc: Island Biofuel



# ISLANDBIOFUEL
www.islandbio.com

January 20, 2012

**Environmental Services, Inc.**
**40 Zorn Blvd**
**Yaphank, N.Y. 11980**

Re:
**Rocco's Pizza**
**1285 Route 58**
**Riverhead, N.Y. 11901**

Dear Sir / Madam,

Please be advised that the above referenced establishment is under a written fully executed service contract with Island Bio Fuel, Inc. The service contract that the establishment has secured with Island Bio Fuel strictly prohibits any other party from servicing or collecting the kitchen grease or oil during the term of the contract. It has been brought to our attention that ESI has delivered oil receptacles to this restaurant in an attempt to secure their waste cooking oil, and has illegally removed the oil receptacle belonging to Island Bio Fuel. Your actions constitute intentional interference with contractual relationships of Island Bio Fuel and are actionable under law. Demand is hereby made that you cease and desist serving this customer or any other customer who is under contract with Island Bio Fuel.

Island Bio Fuel will report this and any and all such incidences to the governing authorities which we have already done in several similar instances.

Respectfully Submitted,

**Island Bio Fuel**

# EXHIBIT C

# Harry R. Thomasson, Esq.

3280 Sunrise Highway, Suite 112
Wantagh, New York  11793
Tel. 516-557-5459
Fax 516-795-2203
hrtatty@verizon.net

April 4, 2012

Suffolk County Police Department
Internal Affairs Division
30 Yaphank Avenue
Yaphank, NY  11980

    Re:    Complaint against Phillip Stefanelli
             Police Officer, 7th Precinct

Dear Sirs/Madams:

    Please be advised that I represent Island Biofuel, LLC and James C. Naples of Center Moriches, New York.  I am writing to make a formal complaint against Police Officer Phillip Stefanelli of the 7th Precinct on behalf of my clients.  Please be advised of the following facts in support of this complaint:

    1.  Mr. Naples is an employee of Island Biofuel, LLC, which operates out of 1 and 10 Wilcox Avenue, Center Moriches, New York.  Island Biofuel collects, stores, and transports waste grease for use as biofuel on behalf of its customers.

    2.  Over the last several years, Island Biofuel has been repeatedly harassed by a company called Environmental Services, Inc. (hereinafter, "ESI"), headquartered at 40 Zorn Boulevard, Yaphank, New York.  On numerous occasions, ESI has stolen customers, taken collection barrels from Island Biofuel, then sent letters either informing Island Biofuel that it can come and get its own containers or alleging that Island Biofuel was the one who stole the customer initially.  Usually, Island Biofuel never gets the container back; to date, ESI is responsible for nearly $5,000.00 worth of Island Biofuel containers being taken and never given back.  Please be advised that my client has repeatedly informed the local precinct of this behavior and requested that something be done about it; to date, no action has been taken by the 7th Precinct in response to my client's requests and inquiries.

    3.  Last year, Mr. Naples was picking up waste grease from Island Biofuel containers/customers when he encountered a container that would not open.  Given the trouble that Island Biofuel has encountered with ESI, Island Biofuel has applied locks to its containers.  At one location, since Mr. Naples could not open the container, he cut the lock off.  It is common practice in this business to bring lock cutters to remove locks since they can get full of waste grease if the customer is not careful in filling the container; Island Biofuel's common practice is to cut off its own locks when one cannot be opened.   On this particular occasion, Mr. Naples

1

was arrested after a sting operation was set up by someone for just this purpose; again, this was originally Island Biofuel's customer. The police arrested Mr. Naples, placed him in a cruiser, inspected and ticketed vehicles both there and back at Island Biofuel's plant, then called the Environmental Police to inspect the plant the same day. This resulted in multiple tickets, multiple charges, potentially tens of thousands of dollars in fines, plus a criminal charge against Mr. Naples (who has no criminal record), all because Mr. Naples cut a $10.00 lock that he thought belonged to Island Biofuel at an Island Biofuel customer's location. Since Island Biofuel is owned and operated by Mr. Naples father, James V. Naples, young Jimmy's father came to the arrest scene that day and also spoke to one or more officers at the scene while his son was locked into the back of a cruiser.

      4. Relations between the two companies have been bad enough that I wrote a letter on behalf of Island Biofuel dated September 29, 2011, demanding that they leave my client alone, and informing them of our intention to go to Court over the matter. A true and accurate copy of that correspondence is attached hereto. In response, I was contacted by a lawyer who asked me not to go to court and informed me that he would have his client "back off"; given this reassurance, we did not elect to bring an order to show cause at that time. Please note that the arrest of James C. Naples occurred just *after* I sent the correspondence attached hereto to ESI and heard back from their attorney.

      5. Throughout this circumstance, Mr. Naples has maintained occasional contact with Joseph Parisi, the owner/operator of ESI. Their contact has always been limited to Mr. Naples calling Mr. Parisi looking for Island Biofuel equipment/containers and/or Mr. Parisi returning Mr. Naples' calls regarding missing Island Biofuel containers. During these conversations, there have been arguments; on more than one occasion Mr. Parisi has told Mr. Naples "you don't know who I am" and "you don't know who protects me."

      6. Recently, Mr. Naples and his father went to ESI's headquarters to attempt (once again) to obtain containers stolen by ESI (please note that my letter attached hereto informs ESI that it is not to touch my client's equipment). This is one of the first occasions that James V. Naples has gone to ESI's headquarters; usually, James C. Naples handles the matter. While there, James V. Naples noticed a worker at ESI as being the police officer that he spoke with (and who was rude and intimidating) on the occasion of James C. Naples' arrest last year. When father informed son that the ESI worker was a police officer at the scene of son's arrest, son told father that this worker, Phillip Stefanelli, is known by son to be employed at ESI for a long time since son has seen Stefanelli at ESI headquarters almost every time James C. Naples has gone to ESI's yard to attempt to get containers belonging to Island Biofuel. Upon information and belief, Mr. Stefanelli is working "under the table" in connection with his work for ESI in order to hide this relationship from becoming public knowledge.

      7. In short, when father and son both went to ESI headquarters in the last few weeks and spoke about Mr. Stefanelli's work, they were able to "connect the dots" on what has happened during the last two years of difficulty involving this situation: ESI has a Suffolk County Police Officer working for it, who is utilizing his influence to hurt a competitor of ESI. The charges against my clients (both Island Biofuel and James C. Naples) are tainted, simply put, and we hereby demand that these charges be dropped at once.

Complaint is hereby made against Mr. Stefanelli for unfairly and illegally utilizing his influence as a Suffolk County Police Officer on behalf of ESI; complaint is also made against the 7th Precinct and unknown officers for failing to act on my client's complaints against ESI, also obviously due to Officer Stefanelli's and/or other officers' knowledge of and relationship with ESI.

In support hereof, please be advised that I authorize you to interview Mr. James C. Naples and/or his father, James V. Naples *in my presence* as scheduling permits. You are not authorized to speak with my clients other than in my presence, please. I ask that receipt of this correspondence be acknowledged, and that I be informed of whether or not any investigation is going to be conducted in connection with these accusations. Feel free to contact me anytime. All rights reserved.

Lastly, please be aware of the genuine and serious harm ESI's and Officer Stefanelli's actions have had on my client. As a result of the charges at issue, Island Biofuel closed it's plant, and just entered a letter of intent to sell its assets. Literally, ESI by and through Officer Stefanelli put my client out of business. Please be guided accordingly.

Awaiting your response, I remain,

Very truly yours,

COPY

Harry R. Thomasson

Cc:  Island Biofuel
     James C. Naples

3