```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMES V. NAPLES and JAMES C. NAPLES,

                        Plaintiffs,

        -against-                                              ORDER

PHILIP STEFANELLI, JOSEPH PARISI,                       CV 12-4460 (GRB) (AYS)
DAVID PARISI, ENVIRONMENTAL
SERVICES, INC., and COUNTY OF
SUFFOLK,

                        Defendant.
-----------------------------------------------------------X
```

**SHIELDS, ANNE Y., United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to reopen discovery and to compel Defendants to produce any and all records of the Suffolk County Police Department Office of Internal Affairs related to Defendants Philip Stefanelli ("Stefanelli"), Joseph Parisi, David Parisi, and/or Environmental Servies, Inc. ("ESI"), based upon the recent repeal of Section 50-a of the New York Civil Rights Law ("Section 50-a"). If their motion is granted, Plaintiffs also seek to take the deposition of an Officer of the Suffolk County Police Department Office of Internal Affairs with knowledge of the investigation of Stefanelli filed by or on behalf of Plaintiffs. Stefanelli, the Parisis and ESI all oppose the motion. Defendant Suffolk County has not filed any opposition.

The facts of this long-pending action are presumed and will not be repeated here. The only causes of action that remain pending are Plaintiffs' claims for false arrest, illegal search, and municipal liability, all brought pursuant to 42 U.S.C. Section 1983. Discovery in this action closed on December 5, 2019. The parties were in the process of briefing summary judgment motions before the District Court when Plaintiffs requested leave to move to reopen discovery in

1

June 2020, based on the recent repeal of Section 50-a.  This Court granted Plaintiffs leave to make their motion and formal briefing ensued.  For the reasons set forth below, Plaintiffs' motion is denied.

As Plaintiffs state in their memoranda of law, the discovery presently sought was previously requested via demands made in both 2018 and 2019.  (Pl. Mem. of Law 8.)  At those times, Defendants objected to production on the grounds of Section 50-a.  (Id.)  However, prior to the instant motion – made six months after the close of discovery and on the eve of dispositive motion practice – Plaintiffs never moved to compel production of the documents sought.  In view of these facts, Plaintiffs have failed to demonstrate good cause to reopen discovery.

"Where, as here, a scheduling order has been entered by the Court . . . the court-ordered schedule 'may be modified only for good cause and with the judge's consent.'"  Baburam v. Federal Express Corp., 318 F.R.D. 5, 7 (E.D.N.Y. 2016) (quoting Fed. R. Civ. P. 16(b)(4)).  The burden to establish good cause lies with the movant.  See Parker v. Columbia Pictures Indus., 2014 F.3d 326, 340 (2d Cir. 2000).  "Whether good cause exists turns on the diligence of the moving party."  Baburam, 318 F.R.D. at 8 (quoting Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009)) (additional citation omitted).  Plaintiffs herein have wholly failed to meet their burden.

Plaintiffs argue that the repeal of Section 50-a "makes the documents requested available to Plaintiff[s] for the first time – after discovery was closed." (Id. at 11.)  Put simply, Plaintiffs are wrong.

In federal civil rights cases, issues of privilege are governed by federal, not state, law. See King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).  Under federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law

2

Section 50-a. See id. In fact, "[i]n the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents." McKenna v. Inc. Vill. Of Northport, No. 06 CV 2895, 2007 WL 2071603, at *7 (E.D.N.Y. July 13, 2007) (citing King, 121 F.R.D. at 187). Accordingly, where a defendant asserts Section 50-a as a privilege against production, a court "must balance the interests favoring and opposing confidentiality in the discovery phase of the litigation." King, 121 F.R.D. at 187.

Here, Plaintiffs never moved to compel the documents they seek during the "discovery phase of the litigation." Id. The repeal of Section 50-a by the New York Legislature in June 2020 does nothing to change this fact. Section 50-a was not a complete bar to Plaintiffs' access to the documents they seek. Had they made a motion to compel, the Court would have engaged in the balancing test set forth in King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988), and determined whether to order production of the documents. However, the Court was never asked to make any such determination.

Plaintiffs' request to reopen discovery and compel disclosure of the documents withheld on the basis of Section 50-a is now untimely. Discovery closed in December 2019, and the parties are in the process of briefing summary judgment motions. Reopening discovery at this late juncture would be prejudicial to Defendants, particularly in light of the fact that Plaintiffs could have sought to compel disclosure of the requested documents at any point prior to the close of discovery. They chose not to do so. The repeal of Section 50-a has no bearing in this case and is irrelevant to the fact that Plaintiffs simply failed to a make a motion to compel when they had the opportunity to do so. The Court will not permit Plaintiffs to attempt to correct that mistake now.

Based on the foregoing, Plaintiffs' motion to reopen discovery and to compel is denied in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
September 24, 2020

      /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge